PLEASE THE COURT. MY NAME IS JENNIFER PERKEL WITH THE ATTORNEY GENERAL'S OFFICE. ON BEHALF OF APPELLANT, I'D LIKE TO RESERVE TWO MINUTES FOR REBUTTAL. ALRIGHT. THE ESSENTIAL QUESTION RAISED BY THIS APPEAL IS WHETHER OR NOT CONGRESS INTENDED ANYTHING BY ENACTING THE FEDERAL MANDATE IN THE PRISON LITIGATION REFORM ACT REQUIRING EXHAUSTION. CLEARLY, THE ANSWER TO THAT QUESTION IS YES. CONGRESS AMENDED THE PRISON LITIGATION REFORM ACT IN 1996 TO INCLUDE A STRICT AND MANDATORY EXHAUSTION REQUIREMENT. THE SUPREME COURT HAS HELD THIS REQUIREMENT IS NOT SUBJECT TO EXCEPTION AND THAT THE FEDERAL COURTS HAVE NO DISCRETION TO WAIVE IT. THE SUPREME COURT HAS FURTHER HELD THAT THE EXHAUSTION MANDATE SERVES MULTIPLE IMPORTANT GOALS DIRECTED TOWARDS REDUCING THE QUANTITY AND REDUCING AND IMPROVING THE QUALITY OF PRISONER SUITS. THESE GOALS INCLUDE, AMONG OTHER THINGS, GIVING PRISONS THE OPPORTUNITY TO ADDRESS INTERNALLY COMPLAINTS BY PRISON INMATES PROMPTLY AND PERHAPS AMELIORATE THE PROBLEM PROMPTLY, FILTERING OUT FRIVOLOUS CLAIMS AND REDUCING THE BURDEN ON FEDERAL COURTS, AND CREATING AN ADMINISTRATIVE RECORD WHICH DETAILS THE CONTOURS OF THE CONTROVERSY IN THE EVENT THAT LITIGATION IS NECESSARY. COUNSEL, THE DIFFICULTY I HAVE WITH THIS CASE IS THE FACT THAT THE SECOND APPEAL WENT ALL THE WAY THROUGH BEFORE IT WAS DENIED ON A TIMELINESS BASIS. WHAT'S YOUR RESPONSE TO THE ASSERTION THAT THE PRISON PERHAPS SHOULD BE STOPPED FROM NOW SAYING IT WAS UNTIMELY INASMUCH AS THE PRISON ADJUDICATED THE CLAIM? MY RESPONSE TO THAT IS THAT THE CLAIM WAS REJECTED WITHIN THE CONTEXT OF THE PRISON ADMINISTRATIVE REVIEW PROCESS. THE ISSUE OF EXHAUSTION WAS NOT RAISED, OR THE FAILURE TO EXHAUST WAS NOT RAISED FOR THE FIRST TIME IN LITIGATION. UNLIKE THE CASE THAT RESPONDENTS CITE, THE SECOND CIRCUIT CASE, GIANO V. GORDE, THEY SEEM TO CITE FOR THE PROPOSITION THAT WE SHOULD SOME, THAT THE PRISON SHOULD, THAT APPELLATES SHOULD SOMEHOW BE STOPPED AT THIS POINT FROM ASSERTING EXHAUSTION. BUT THAT CASE IS DISTINGUISHABLE ON THE BASIS THAT EXHAUSTION WAS RAISED FOR THE FIRST TIME IN COURT, WHEREAS WITHIN THE CONTEXT OF THE ADMINISTRATIVE PROCESS IN THE PRISON, IT WAS REVIEWED THROUGH EVERY LEVEL OF REVIEW. IN THIS CASE, THE PRISON RIGHTFULLY INVOKED ITS DISCRETION, IN FACT, ITS OBLIGATION AT THE THIRD LEVEL OF REVIEW TO DENY THE APPEAL FOR UNTIMELINESS. SO THAT'S HOW APPELLANTS RESPOND TO THAT PARTICULAR QUESTION. TO PROTECT THE INTEGRITY OF THE EXHAUSTION MANDATE, WHICH THE SUPREME COURT HAS NOW HELD, IS NOT SUBJECT TO EXCEPTION AND IS ABSOLUTELY MANDATORY. THE PLAINTIFF PRISONER MUST BE REQUIRED TO PROPERLY EXHAUST ALL AVAILABLE ADMINISTRATIVE REMEDIES. THIS IS DIFFERENT FROM EXHAUSTING IN A TECHNICAL SENSE, BUT HE MUST BE REQUIRED TO PROPERLY COMPLY WITH THE ADMINISTRATIVE PROCESS IN ORDER TO EXHAUST WITHIN THE MEANING OF THE PLRA. IN THIS CASE, AS YOU'RE AWARE, PLAINTIFF FILED AN UNTIMELY APPEAL, WHICH AT THE THIRD LEVEL OF REVIEW WAS PROPERLY REJECTED. AND I'M GOING TO TALK ABOUT THE SECOND APPEAL. THE SECOND APPEAL, YES, THE APPEAL UPON WHICH PLAINTIFF IS RELYING IN HIS COMPLAINT TO DEMONSTRATE EXHAUSTION. BECAUSE IT WAS REJECTED AS UNTIMELY AT THE THIRD LEVEL OF REVIEW, HE WAS THEREFORE UNABLE TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITHIN THE CALIFORNIA'S ADMINISTRATIVE GRIEVANCE PROCESS. PURSUANT TO THE PLRA'S EXHAUSTION MANDATE AS INTERPRETED AND CONFIRMED BY THE SUPREME COURT, PLAINTIFF THEREFORE FAILED TO EXHAUST AND SHOULD BE BARRED FROM PROCEEDING WITH THIS ACTION IN FEDERAL COURT. So that I understand your position, is it your position that if the untimeliness issue is caught by the administration at any time before the lawsuit is filed, then it should not be recognized? Is that pretty much your position? Yes, that is our position. Because in the first instance, the state is invoking its right, its discretion, its obligation, perhaps, to deny the grievance for the inmate's failure to comply with timeliness requirements. In the second example, the state has essentially imposed a penalty on the inmate for failing to comply with timeliness requirements. And the state has essentially afforded the inmate a favor by choosing not to invoke its filing requirements and permitting the inmate to proceed to Federal court, in essence. I thought maybe you were going to tell us about Butler v. Rianda. Is that the new Ninth Circuit case? Yes. It's been out a month, and it seems to me that it's quite important to this particular case. Doesn't Butler v. Rianda tell us how this case is to come out? My response to that is it doesn't facilitate the Respondent's position. In this case, plaintiff is wanting to file a complaint about numerous events, numerous decisions, which occurred over a 10-month period of time. This is notwithstanding that in Butler, the court held that in light of the language, the instructions in the grievance form, the plaintiff's was not required to identify every single defendant against whom he is now seeking to. I think it goes further than that, at least as I read the case. The idea behind this grievance is to give the prison an opportunity to solve the problem before they come to Federal court. And the statute allows the states to do that if they buy into the program, which the states have. So it isn't like a Social Security claim. It's to give notice, and then they have their own way of handling it. And it seems to me that Butler tells us that once the prison is aware of the problem, then that's all that needs to be done to comply. And people can come to court after that. If I'm interpreting Butler wrong, tell me why. I don't necessarily think you're interpreting Butler wrong. I think that in this case, though, it's not just positive in that the inmate in this case is complaining about a series of events which occurred over a 10-month period of time, the majority of which occurred subsequent to the filing of his initial appeal on March 4th. Well, he has the inmate form. He fills it out. The prison knows what his complaints are. His complaint in the first appeal, not the one that he's now relying on as demonstrating exhaustion in this case, he filed an appeal earlier on in which he alleged a single factual allegation against a single individual. His complaint that he now seeks to pursue in Federal court names 15 defendants and identifies a whole series of factual allegations which he now. And under Butler, don't you do you take the position that the prison was unaware of the problem, that the unrepresented prisoner was calling to their attention? I think the prison was aware of the problem to the extent that he articulated it in the limited grievance that he filed. Precisely. Initially. And that's what Butler says. So long as they understand the problem, then the exhaustion has taken place. They're on notice now to solve a problem if they think there's a problem. And Butler says that's enough. Why isn't that enough here? It's not enough to the extent that the inmate is now seeking to file a lawsuit on a series of problems additional to and subsequent to the one identified in that original grievance. But as far as the one that's involved in initial grievance, you take the position that that has been solved, that that's sufficient? I take the position that under the Buckley case, that appeal would be sufficient perhaps to put the prison on notice of the particular issue that he is grieving about. And he doesn't have to name people or anything like that? Pursuant to that decision, that appears to be the case, that he doesn't have to name every single individual defendant. Just the problem? Just the problem. And why isn't why doesn't tell me why Butler doesn't dispose of this case? Because the inmate in this case is complaining about, at the very least, two very distinct problems. The first one being the lack of a referral to an orthopedic specialist. The second and entirely distinct one being the subsequent alleged delay in receiving a particular form of treatment, that being special shoes to ameliorate the problem. Why wouldn't we treat under Butler? And I'm not saying anything about Butler other than it governs all of us. Why isn't under Butler the problem, I have an orthopedic problem, I have a back problem? Why isn't that sufficient? Why does he have to give the details so long as he's told the prison that this is my complaint, I have a back problem, it's not being taken care of? Under Butler, why isn't that sufficient? Well, because as you've said, essentially the purpose of the Butler decision is to ensure that the prison is on notice of a particular problem. In this case, with the inmate complaining about a series of issues occurring over a 10-month period of time, the majority of which transpired after initiation of that grievance, I don't think you can reasonably argue that the prison is on notice of a series of events occurring subsequent to the time of that grievance. In particular ---- All dealing with the back. But something additional happened, there was a delay in taking care of my back or they didn't give me shoes for my condition. Exactly. I mean, at the time you complain about ---- Butler then, each time there's another, he has to file another grievance that you didn't give me shoes, you're a week late in getting me treatment. There has to be a separate grievance for each of the inmates, even though they all deal with the back. That's your position. It's a good question, and I think it's a matter of degree and a matter of looking at the facts in an individual case. In this case, for instance, I think that it would be reasonable to argue that every time he sought attention, you know, sought a referral to an orthopedic specialist, you could argue that that all constitutes a single complaint. He was looking for an analysis by an orthopedic specialist. However, we submit that at the very least, his subsequent complaint concerning a delay in receipt of special shoes, which were not even ordered until months after he filed this grievance, is a separate and distinct issue which he would have been obligated to grieve timely. Okay.  Thank you. All right. Thank you, counsel. You've used your time. We'll give you one minute for rebuttal. Thank you. May it please the Court, opposing counsel. My name is Alicia Feindel, and this is my co-counsel, Debbie McCormick. We present the appellee, Mr. Natividad, and we're supervised by Maureen Laughlin. The certified question assumes a legal conclusion that Mr. Natividad untimely filed his second grievance. However, the record shows that he timely filed it. Before we address exhaustion, this Court should first address the timeliness issue. I'm prepared to discuss the timeliness, and Ms. McCormick is prepared to discuss the exhaustion issue in the remaining time. This Court should find that Mr. Natividad timely filed his second grievance. Mr. Natividad timely filed his first grievance and pursued it through the third level. At this point, he thought he had exhausted, therefore, he filed his first district court complaint. While he waited for this district court's order, he continued to try to see an orthopedist and get corrected shoes.  He did not receive his referral or his corrective shoes. He waited for the district court's order. Mr. Natividad filed his second grievance only three days after the district court's order. His first and second grievances raised the same continual claim, which is the CDC's failure to treat his painful foot condition. So, counsel, are you espousing a continuing violations theory? In essence, Your Honor, yes. And what case authority are you relying upon to support that theory in an administrative grievance context? In an administrative grievance context, we give discretion to the administrative agency when they've made a decision, and in this case, they did not make a decision of whether it was a continuing violation or not. They just denied it as untimely. According to the regulations that set forth the time periods for grievances. They also have the discretion to waive that. It's the 15-day period. I'm sorry, Your Honor. You asked for case law, and I'm thinking. One second, please. I don't cite case law in the brief for the administrative grievance process because we don't have to give deference to the administrative agency in this context. And the continuing violation is more of an equitable argument, so that I would also – we also assert that the 15-day limitation period should be equitable. If you've got a continuing violation, why should we even refer to the second grievance as a second one? I mean, it's simply second in time, but it really is to initiate the process if it's a continuing violation, right? Yes, Your Honor. We can ignore everything that went on up through where the district court sends it back. Yes, Your Honor. And the district court opened that and basically dismissed his whole claim because he had only exhausted it as to one defendant at that time. The violation was continually going on, and they basically were telling him that he needed to. By the time it came back from the district court, had he gotten his orthopedic shoes at that point? Yes, he had gotten his shoes on October 11, 2002. So how could there be a continuing violation if he's already gotten the relief that he sought? He had gotten his relief that he sought. However, what still happened was that for almost a year period, the CDC ignored his condition, and there's still a damages issue left for the district court. But that's not a continuing violation. No. The continuing violation was finished on October 11 when he got his shoes. Okay. So when did he file his second grievance? He filed his second grievance on December 19, 2002, three days after the district court opened. Okay. But that was December. He got it in October. And how long do you have under the CDC rules to file a grievance? You have 15 working days. Okay. So then he was late. This was a continuing violation up through October. But after October, it's completed. He's been granted all the relief he wants. He got his orthopedic shoes. So he has 15 days from the time that he gets his shoes to file his grievance, right? Yes, Your Honor. So it's not really a continuing violation after October. After October, it's not. However, what is still left is the fact that the CDC ignored his problem for almost a year. And if he forfeits his claim in district court, we don't send any message to the CDC that they can't delay a doctor's order within the prison system.  Thank you. Thank you, Your Honor. Is someone on your side going to tell us about Butler versus the Butler case? My co-counsel is. Okay. May it please the Court. I'm Debbie McCormick. The circuits are not split on how they would resolve a case such as this. Whether or not this Court finds that there is a procedural default requirement in the PLRA, it should hold that exhaustion was satisfied because Mr. Nativi Dodd made a good-faith, diligent effort to exhaust, and the defendants are precluded from raising an untimeliness defense at this point in time. Whether there is procedural default in the PLRA is a matter of legislative intent. The two concepts have different purposes. Exhaustion has the purpose of giving the State the first opportunity to address a grievance before they're subjected to litigation, whereas procedural default gives respect to State court judgments based on adequate and independent State grounds by requiring the plaintiff to follow State timelines. The Supreme Court presumes that the language of the statute indicates Congress's intent. In addition, they presume that Congress expects statutes to be read in conformity with the Court's precedents. At the time the PLRA was passed, Oscar Meyer, the Supreme Court had ruled in Oscar Meyer and commercial office products that in order to, in order for State-imposed time limits to control availability of Federal relief, Congress must expressly mandate resortion to those time limits. In addition, Coleman, as well as several other cases, had already been decided that depicted exhaustion and procedural default as two separate requirements within the habeas context. This Court has also held that they're distinct concepts and that reference to exhaustion in a statute does not imply procedural default, and also that exhaustion is not a procedural hurdle. Therefore, as stated by the Second and Sixth Circuits, Congress knew the difference between the two concepts and chose not to insert procedural default in the PLRA. This Court should therefore affirm the district court, district court's decision and hold that inserting procedural default in the PLRA goes beyond exhaustion and would allow State prison timelines to handcuff Federal courts protecting Federal rights. So, counsel, bottom line, what is your argument, that there should not be an exhaustion requirement? No, Your Honor. My argument is exhaustion and procedural default are two separate things. And what does that mean in this case? It means that Mr. Natividad exhausted his remedy. He filed his complaint and pursued it all the way through the third level, and once he received a response from the third level, he filed his complaint. So your argument is as long as a grievant engages the process, there's exhaustion, no matter at what point in time it's done? No, Your Honor. I believe that even within the Sixth Circuits holding there's room for a case-by-case analysis, the Sixth Circuit pointed out that you can't completely circumvent exhaustion. You must file a grievance and you must pursue it to the third level of review. Where does time limits come into it? Is there any time constraint within your interpretation of the exhaustion requirement? I think there's room for still looking at the good faith efforts of the inmate, as well as the fact that they do have to still meet a statute of limitations before they can file their complaint. What's the statute of limitations? Oh, in the court. Right. But in the administrative arena, then, are the regulations, the time limits and the exhaustion requirements, are they within the window as far as you're concerned? Well, the Supreme Court has stated that the State-imposed time limits, administrative time limits, can't control the availability of Federal relief. The predecessor to 1980 ---- In an administrative context? They said the relevant State procedures or State guidelines. But you're talking about Oscar. You're talking about Oscar Meyer. And commercial office cuts. You're talking about the ADEA and Title VII. Yes, Your Honor. That was not the PLRA. No, it is not. However, I would argue that it's a more similar context to compare to than the habeas context. In a habeas context, the Court is looking at the State court judgment to determine the validity of the prisoner's conviction and sentence, whereas here it's simply administrative remedies. It's not a State court judgment. Administrative officials do not have to follow the same evidentiary procedures, and their decision is not the equivalent of a State court judgment. So your answer to Judge Rawlinson's question then as to what the constraints are is that on a case-by-case basis, we could determine that somebody had, even though they had exhausted their administrative remedies, that they were nevertheless untimely, and we could give it preclusive effect. Yes, Your Honor. And that is actually what most courts do. Even courts relied on by the defendant who hold that there is procedural default use waiver and estoppel to get around the procedural default requirement and to hold that untimely filing was exhausting. But, counsel, is that consistent with the reason that the Prison Litigation Reform Act was passed? I thought the reason it was passed was to give some finality to prison litigation and have it have some set parameters. Yes, Your Honor. It was passed to reduce the quantity of lawsuits as well as to improve the quality to get rid of frivolous lawsuits by giving the State the first chance to look at the grievances. Even Mr. Natibbi-Dodd's case here, he gave him two opportunities to address his grievance. And he pursued it once when they were filed. He then timely pursued them to the highest level of review before filing his complaints. This satisfies their efforts in trying to get rid of frivolous claims. But about timeliness, is there any outside limit to the time to file an administrative grievance in your view as long as the grievance acts in good faith? Certainly, Your Honor. I think that, again, would be a case-by-case determination. You would have to look at it and look at their good faith efforts to pursue it. You know, if they waited several years before they filed without any reason for doing so, that certainly would not satisfy exhaustion. As I mentioned, several of the courts relied on by the defendants have found that the prison officials waived their ability to claim untimeliness because they accepted the grievance and considered it on the merits, which is similar to what you're referring to cases outside the circuit. But are you going to discuss a case inside the circuit, like Butler? I have to admit, Your Honor, I have not read Butler. But I would be happy to do so and provide supplemental briefing on it. Now you know why you have to go to Lexis before you, the day before you argue. Yes, I do. Thank you, counsel. Thank you. Rebuttal. In response to what was the first argument's equitable tolling argument that rests on the basis that the inmate thought he'd exhausted, we submit what he thought he had done is of no consequence to whether or not he did it.  He did not have waited for the district court order to tell him that. He was on notice of his obligations to comply with Title 15 by virtue of the existence of Title 15 and the steps that it sets forth clearly as to what an inmate is required to do in order to comply with the administrative process. Tell me, in this form, I have it before me that he filled out. And I look over to Butler, and it said it's sufficient if it – if Butler describes his disability, describes the problem, and what specific modification or accommodation is requested. And it seems to me that's what he's done. Now, in Butler, why isn't that enough to get into the Federal court? Well, in this case, Your Honor, with respect to the first appeal, his description of his grievance was very limited and isolated to one particular issue. With respect to the second appeal, he fully set forth all of his claims against all of his defendants. However, the problem with that appeal was that it was untimely by about a month and a half, which was the basis for the rejection and our argument that he failed to exhaust. The problem that – the problem that this – Butler is saying is that might be what the prison wants to do to become involved. But for purposes of whether you can get into Federal court, all the prisoner has to do is acquaint them with the problem. If the prison has certain procedures and he loses out there, that's fine, but that isn't – that isn't a condition proceeding to filing in the court. It seems to me that's what Butler is saying. Now, it's a very strong position and it's a very short opinion, but I'd like to have your view on how you would distinguish Butler in the sense in which it's written. Well, we distinguish it – as I said earlier, and I agree with you, that it essentially is telling us that inmates, as long as the inmate puts the prison on notice of the problem, that that's sufficient for purposes of compliance with this particular grievance form in California. And in this case – No, no, not – the Federal – the Federal law. That is, you've complied with – so long as you give notice. Now, you may lose out because the prison has all these time delays and things like that, but it seems to me Butler is saying as long as you give a proper notice, then that's sufficient if – if it's the idea is to let the prison solve – solve the problem. If the prison doesn't, that's – that's the – that's not a difficulty to pursue. It seems to me that – am I reading Butler correctly? It's only two pages. Well, I wouldn't argue that you're reading it incorrectly. I just – I see Butler as – as being distinct from what the exhaustion mandate requires. The exhaustion – Congress's exhaustion mandate requires that an inmate comply with the State's administrative grievance processes. Butler holds that in order for an inmate to do that in California, he need only set forth the nature of his problem and not – Now, without any consideration of the time – timelines? Well, we argue that a timeline is relevant. In terms of Butler, without any consideration of the timelines, is that addressed in your view? It seems that Butler didn't specifically address an issue. I'm sorry? It doesn't seem that Butler addressed an issue of timeline. It limited itself to requiring that an inmate describe the problem. We submit in this case that the inmate described only a part of the problem by virtue of his first grievance. When he finally described the entirety of the problem by virtue of the second grievance, it was untimely and properly addressed. But, counsel, it was the same general problem. I mean, it didn't change from being a problem with his foot to a backache. I mean, it generally – it was the same problem. So I'm not sure you can hang your hat on distinguishing Butler that way. Your better argument, from my perspective, is that it didn't address the timeliness requirement. So I don't know. Could I ask you another question? Are you familiar with Nego, NGO v. Woodford? Yes, I am, Your Honor. That one's under submission. Right. In another panel. Mm-hmm. I've looked at that case, and it seems to me that that may well be very important on how this case comes out. Do you agree? I entirely agree with you. In fact, that case was one I handled as well. So is that yours, too? Yes. Oh, well, then I've got the expert in front of me. Well, I haven't – I didn't review the record in that case before coming here, but you've got the best experts. Very often when we have a situation like this, we defer submission to the panel that is in charge. How do you pronounce it? No. No? Thank you. No is first, and it's under submission. Would it be your position that we probably should defer submission to the initial case before we decide? That is my position, because we argue that the legal issue in both cases is identical, and that being that when an inmate files an untimely grievance, which is properly rejected within the administrative system as untimely, that that means he has failed to exhaust his administrative remedies and should therefore be barred from proceeding with his lawsuit in Federal court. That's how we've characterized the issue, and we see the issue in both instances, regardless of the factual differences. So your inclination would be that there is an overlap. Absolutely. And it would give this first, if we follow our usual process in that we defer to the first case heard, and that would be no. Yes, I would agree with that, as long as they. That would be no. Yes. I would agree as long as that panel identifies the legal issue and rules on that issue, as I've characterized it. We spend a lot of time focusing on the facts in that case and how to distinguish the facts from the legal principles. So I can't, I'm not sure how that decision is going to come. We don't know what they're going to do. We don't know what no panel is going to do. But we would submit you would defer to that decision, assuming they rule directly on that legal issue. Okay. Thank you. All right. Thank you to both counsel. And, again, our thanks to the students and staff of the University of Idaho for their gracious participation on behalf of the appellee. Thank you very much. The case just argued is submitted for decision by the court.
judges: Wallace, Rawlinson, Bybee